UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

OPELOUSAS DIVISION

| | | |
|---|---|---|
| **PHYLLIS LEWIS AND TROY LEWIS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| **LOWE'S HOME CENTERS, LLC** | * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Lowe's Home Centers, LLC ("Lowe's"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Lowe's respectfully avers as follows:

I.

On October 11, 2021, Plaintiffs Phyllis Lewis and Troy Lewis ("Plaintiffs") filed a Petition for Damages entitled "*Phyllis Lewis, et al versus Lowe's Home Centers, LLC*" bearing suit number 21-3742 in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana.[1]

---

[1] See Plaintiff's Petition for Damages, attached as Exhibit 1

II.

Plaintiff Phyllis Lewis asserted personal injury claims arising out of an incident that allegedly occurred when a PVC pipe on display at the Lowe's Home Centers located in Opelousas, LA fell onto Mrs. Lewis' head and back, causing her to purportedly sustain injury.[2]

III.

Plaintiffs filed suit against Lowe's asserting that Lowe's failed to properly stack the PVC pipe and allowed a hazardous condition to exist in its retail store. In addition to Phyllis Lewis' personal injury claims, Plaintiff Troy Lewis asserted a loss of consortium claim as a result of his wife's purported injuries.

IV.

Lowe's was served with the Petition for Damages on November 2, 2021.[3]

V.

The Petition alleges that Plaintiffs are domiciled in the Parish of Evangeline, State of Louisiana. Accordingly, Plaintiffs are considered a citizen of Louisiana for the purposes of diversity jurisdiction.

VI.

Plaintiffs allege in their Petition that Lowe's has a principal business establishment in the State of Louisiana but does not specify where that "principal business establishment" is in the State. Moreover, Plaintiffs simultaneously assert that Lowe's maintained a principal business in Mooresville, North Carolina.

---

[2] Exh. 1, paragraph 3.
[3] See, citation attached hereto as Exhibit 2.

VII.

For purposes of diversity, the principal place of business for a corporation is "where the corporation's high level officers direct, control, and coordinate the corporation's activities"[4] and is a "single place within *a* State."[5] Despite Plaintiff's meritless allegation, Lowe's is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member, Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Hence, Lowe's is a citizen of North Carolina.

VIII.

Based on the face of the Petition, it appears that complete diversity exists between the parties in accordance with 28 USCA §1332.

IX.

Regarding the requisite amount in controversy requirement for diversity jurisdiction, Plaintiffs' Petition does not include a specific quantum of damages or provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction. However, beginning in March 2022, Plaintiffs' counsel began suggesting to undersigned counsel that Plaintiff may undergo surgery. However, initial medical records only identified approximately $4,300 in medical expenses had been incurred thus far for relatively minimal treatment encompassing MRI imaging and 3-4 visits with various physicians for her complaints of neck and back pain. While surgery was mentioned at the most recent visit date provided to undersigned counsel, September 20, 2021, there was no written documentation

---

[4] *Hertz Corp. v. Friend,* 559 U.S. 77, 80, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010); *Swindol v. Aurora Flight Scis. Corp.,* 805 F.3d 516, 519 (5th Cir. 2015), certified question answered, 194 So. 3d 847 (Miss. 2016)
[5] *Hertz,* 559 U.S. at 93.

provided to undersigned counsel suggesting this recommendation was being seriously considered by Plaintiff or scheduled.

X.

On May 11, 2022, Plaintiff's counsel confirmed in an email correspondence that "spine surgery" had been performed.[6] Although little is known at this time concerning the specifics of the surgery performed, it is clear that regardless of the surgery performed, the potential general damages for such treatment have exceeded $75,000 even when special damages are not considered.[7]

XI.

28 U.S.C. §1446 provides that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." Lowe's obtained information confirming surgery was performed on May 11, 2022. Lowe's filed the instant Notice of Removal within thirty (30) days of receipt of that "other paper". Accordingly, this Notice of Removal is timely.

XII.

The United States Court for the Western District of Louisiana is the federal judicial district embracing 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

---

[6] *See*, May 11, 2022 correspondence from Plaintiff's counsel attached as Exhibit 3.
[7] *Williams v. Lafayette City-Parish Consolidated Govt.*, 21-392 (La.App. 3 Cir. 12/08/21) ($300,000 in general damages awarded to plaintiff who underwent fusion surgery at L4-5 and L5-S1); *Simon v. Automobile Club Inter-Insurance Exchange*, 20-CA-156 (La.App. 5 Cir. 10/13/21) ($175,000 in general damages awarded to a plaintiff who underwent L3-4 micro-discectomy); *Hydell v. National Union Fire Ins. Co.*, 780,336 (24th JDC 08/03/21) ($250,000 in general damages awarded to a plaintiff who underwent C5-6 fusion surgery)

XIII.

Since there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XIV.

Lowe's has good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Lowe's Home Centers, LLC prays that the above-entitled cause on the docket of the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Western District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

*/s/ Caroline M. Murley*
Paul J. Politz La. Bar No. 19741
ppolitz@twpdlaw.com
Caroline M. Murley, La. Bar No. 36599
cmurley@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone:  (504) 525-9888
Facsimile:  (504) 525-9899

**Counsel for Lowe's Home Centers, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 6th day of June, 2022.

                                          */s/ Caroline M. Murley*
                                   TAYLOR, WELLONS, POLITZ & DUHE, LLC