UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHYLLIS LEWIS ET AL | CIVIL ACTION NO. 6:22-CV-01507 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| LOWES HOME CENTERS L L C | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Phyllis Lewis and Troy Lewis ["Plaintiffs"]. (Rec. Doc. 8). Lowe's Home Centers, LLC ["Lowe's"] opposes the Motion. (Rec. Doc. 11). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' Motion be DENIED.

### Factual Background

Plaintiffs filed this suit on October 11, 2021, in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana alleging that a PVC pipe on display at Lowe's in Opelousas fell on Phyllis Lewis on August 11, 2021, causing injuries to her neck and back (Rec. Doc. 1-2). In addition to Phyllis Lewis's personal injury claims, Troy Lewis asserted a loss of consortium claim. (Rec. Doc. 1-2). Lowe's removed the case to this Court on June 6, 2022, based on diversity jurisdiction. (Rec.

Doc. 1). Defendant's basis of removal was the receipt of an email dated May 11, 2022, wherein Plaintiffs' counsel confirmed that "spine surgery" had been performed. (Rec. Doc. 1, ¶X). Lowe's asserts that the email confirming surgery was performed constituted "other paper" and that Lowe's filed the instant Notice of Removal within 30 days of receipt of that email, thereby making the removal timely.

Plaintiffs filed the instant Motion to Remand on two grounds: (1) Lowe's submitted no evidence or affidavits attesting to the amount in controversy so as to establish the requisite $75,000 amount in controversy threshold in order to confer jurisdiction upon the Court and (2) Lowe's was aware of Ms. Lewis's need for surgery as early as January of 2022[1] yet failed to file the Notice of Removal until June 6, 2022, making the removal untimely. Plaintiffs also seek attorney's fees, expenses and costs based on their assertion that the removal is "totally unjustified and without merit." (Rec. Doc. 8-1 at 5).

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28

---

[1] Plaintiff's Motion to Remand states that Lowe's was aware of Ms. Lewis's need for surgery as early as January of 2022; however, the Memorandum and the Response reference several other dates including February 24, 2022, that make it difficult to determine exactly when Plaintiffs contend that Lowe's received an "other paper" within the meaning of 28 U.S.C. §1446(b)(3). Nevertheless, for the reasons expressed below the exact date is immaterial for the purpose of this Report and Recommendation. (Rec. Docs. 8, 8-1 and 13).

U.S.C. §1332. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Lowe's, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that it complied with removal procedures. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

**<u>Diversity Jurisdiction</u>**

The parties do not dispute, and the Court agrees, that Plaintiffs and Lowe's are diverse. Regarding the amount in controversy, Plaintiffs' motion initially argues that Lowe's failed to prove that the amount in controversy exceeds $75,000 in order to confer jurisdiction upon the Court. (Rec. Doc. 8). However, in their Response (Rec. Doc. 13) to Lowe's Opposition to the Motion to Remand (Rec. Doc. 11), Plaintiffs state that Ms. Lewis requires a "C3-C4, C4-C5, C5-C6 and C6-C7 anterior cervical diskectomy and fusion with instrumentation, allograft and/or autograft, intra-operative monitoring, bone growth stimulator and cervical collar and a L4-L5 & L5-S 1 transforaminal lumbar interbody fusion with instrumentation, allograft and/or autograft, intra-operative monitoring, bone growth stimulator, and lumbar brace." (Rec. Doc. 13 at 1). Plaintiffs further state:

> Anyone who has practiced law more than two years is aware that the costs alone of these two surgeries exceeds federal diversity jurisdictional

3

requirements, let alone the additional recoverable damages of lost wages, pain and suffering and permanent inability to return to work.

(*Id.*)

While it now appears that Plaintiffs are no longer challenging that the amount in controversy does in fact exceed $75,000, the Court remains obligated to ascertain whether the jurisdictional threshold is satisfied to ensure federal jurisdiction is proper. Based on the confirmation of Ms. Lewis's surgery[2], the arguments of counsel, the medical records, and the cases[3] cited by Lowe's wherein plaintiffs with similar injuries were awarded in excess of $75,000, the Court finds that the amount in controversy exceeds $75,000 and diversity jurisdiction exists. The remaining issue is the timeliness of Lowe's removal.

**<u>Timeliness of Removal</u>**

Generally, a defendant may remove a case within thirty days of service of a pleading indicating that removal is proper. 28 U.S.C. §1446(b)(1). When the initial

---

[2] Although the specifics of the surgery are unknown, the report of the IME doctor and the correspondence between the attorneys establish that Ms. Lewis was scheduled for neck surgery and that she had surgery. (Rec. Doc. 8-1 at 17, 20, 23). Based on this information, the Court finds it reasonable to conclude that Ms. Lewis had neck surgery.

[3] Lowe's asserts that "although little is known at this time concerning the specifics of the surgery performed, it is clear that regardless of the surgery performed, the potential general damages for such treatment have exceeded $75,000 even when special damages are not considered." (Rec. Doc. 1, ¶X, citing *Williams v. Lafayette City-Parish Consolidated Govt.,* 2021 WL 582514 (La. App. 3 Cir. 2021) ($300,000 in general damages awarded to plaintiff who underwent fusion surgery at L4-5 and L5-S1); *Simon v. Automobile Club Inter-Insurance Exchange,* 329 So. 3d 1072 (La. App. 5 Cir. 2021) ($175,000 in general damages awarded to a plaintiff who underwent L3-4 microdiscectomy).

pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit discussed the differing standards for removal based upon the initial pleading under §1446(b)(1) and removal based upon the receipt of subsequent pleadings or "other paper" under §1446(b)(3). Under § 1446(b)(1), the 30-day time limit commencing with the initial pleading is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. (emphasis in original). Under § 1446(b)(3), the 30-day time limit commencing with the receipt of subsequent pleading or "other paper" is triggered by receipt of information which is "unequivocally clear and certain." Holding that the latter standard is clearer than the former, the court reasoned:

> This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.* at 211 (adopting the Tenth Circuit's approach in *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir. 1979)).

The parties do not dispute that Plaintiffs' petition did not affirmatively establish an amount in controversy exceeding $75,000 and does not set forth an amount of alleged damages. *See* Petition at Rec. Doc. 1-2. Rather, the parties dispute the timing and sufficiency of the "other paper" triggering removal by Lowe's.

Plaintiffs claim that Lowe's had notice of removability upon receipt of the medical records of Dr. George Ray Williams recommending two surgeries and the medical authorization forms which were attached to its Interrogatories dated February 24, 2022.[4] Plaintiffs also assert that the discovery responses prompted Lowe's to order an IME, that the IME doctor referred to the scheduled surgery in his report dated March 25, 2022, and that the discovery responses notified Lowe's of Ms. Lewis's ongoing treatment at Ochsner Health System in Shreveport." (Rec. Doc. 8-1 at 17). Thus, Plaintiffs argue that Lowe's then had thirty days from "as early as" February 24, 2022, to remove, but that Lowe's did not remove the case until June 6, 2022, making removal untimely.

---

[4] The Interrogatories were dated and received by Lowe's on February 24, 2022. (Rec. Docs. 8-1, Exhibit 1).

6

Lowe's claims that Plaintiffs' initial discovery responses received on February 24, 2022, while indicating Dr. Williams' surgery recommendation of September 2021 and indicating ongoing treatment did not trigger the removal period under §1446(b)(3) because the information provided is not "unequivocally clear and certain evidence establishing the requisite amount in controversy for federal diversity jurisdiction." (Rec. Doc. 12 at 5). Lowe's also claims that any of the multiple "correspondences mentioning a spine surgery recommendation are woefully insufficient to reach this bright-line threshold." (*Id.*). Lowe's asserts that the email dated May 11, 2022, wherein Plaintiffs' counsel confirmed that "spine surgery" had been performed constituted "other paper" and that Lowe's filed the instant Notice of Removal on June 6, 2022, within 30 days of receipt of that email, making the removal timely. (Rec. Doc. 1, ¶X).

"To qualify as an 'other paper' [sufficient to trigger removal] the discovery response must be 'unequivocally clear and certain,' so that defendant may ascertain the action's removability." *Cole ex rel. Ellis v. Knowledge Learning Corp.,* 416 F. App'x 437, 440 (5th Cir. 2011). While the medical records and responses to discovery indicate that Dr. Williams was recommending surgery and that Ms. Lewis would undergo more medical treatment, none of the documents refer to the cost of such treatment. An "other paper" which requires a defendant's "independent research in order to ascertain the amount in controversy," is not "unequivocally clear

7

and certain." *Id*. Further, other courts have noted that an "other paper" is not "clear and unequivocal" if determining the amount in controversy requires a defendant to conduct additional investigation, dissect medical records, or examine previous jury awards. *See Elkins v. Bradshaw*, 2019 WL 2096126, at *4, (M.D. La. 2019) ("[I]f a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period."); *Chandler v. Ruston Louisiana Hospital Co*., LLC, 2014 WL 1096365, at *5 (W.D. La. 2014) (stating that a defendant need not "analyze and dissect medical treatment records" to determine the amount disputed); S*mith v. Wal-Mart Louisiana, LLC*, 2013 WL 4781778 (W.D. La. 2013) (finding that recommendation for cervical disc surgery, in the absence of a specific damages estimate, did not trigger second 30-day removal period).

Ms. Lewis's initial medical records and discovery responses indicate only that surgery was recommended and fail to provide any further information to set forth the grounds for removal, such as certainty of the occurrence of the procedures or estimated cost thereof. Additionally, at this point, the amount of treatment undergone was limited, as were the medical expenses incurred. (Rec. Doc. 12-1 at 4). Thus, it was not "unequivocally clear or certain" that the grounds for removal

8

existed at the time the first set of medical records were received. *See Bosky v. Kroger Tex., LP*, 288 F.3d at 211.

Instead, we find that the email wherein Plaintiffs' counsel confirmed that surgery had been performed triggered the 30-day time period in which defendant could remove the case to federal court. While the discovery responses did state that Ms. Lewis was still actively treating and considering surgery, the amount of damages did not exceed $75,000 at that time. It only became "unequivocally clear and certain" that the case was removable after Plaintiffs' counsel confirmed that Ms. Lewis underwent the surgery. Lowe's removed the case to this court on June 6, 2022, within 30 days of receipt of confirmation of surgery. Removal is therefore timely.

Based on the totality of the record, Lowe's has shown that removal was timely and federal jurisdiction exists. Because we have found removal to be proper, Plaintiffs' request for attorney fees and costs should also be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 8) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 4th day of October, 2022.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE